**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1300
_____

CHAD BATTERMAN,
                                    Appellant

v.

CHRISTOPHER P. MALLIOS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-24-cv-00138)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: June 17, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Chad Batterman filed his complaint pursuant to 42 U.S.C. § 1983 against Defendant Judge Christopher P. Mallios in both his individual and official capacities. He alleged that Judge Mallios, who sits on the Philadelphia County Court of Common Pleas, violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution while presiding over a family court case in which Batterman was involved. Batterman alleged that Judge Mallios:

- "consistently made objections at trial on behalf of Plaintiff's opposing party in Family Court (his separated wife)" and was "acting as counsel" by questioning Batterman and his separated wife at trial;

- outside of court "investigated about Plaintiff even finding evidence Defendant testifies to in open court and moves into the certified record";

- modified a custody order at a contempt hearing in order to find him in contempt;

- falsely imprisoned him;

- "issued Plaintiff excessive fines and imposed cruel and unusual punishments";

- denied him the right to counsel;

- made derogatory statements about him;

- denied him the right to practice his religion;

- denied him the "equal protection under the law relating to sexual discrimination";

- "flat out willfully lied and misrepresented the facts";

- barred him from making objections;

- denied him the ability to call witness and submit exhibits into the record;

- ignored court orders; and

2

-   refused to file documents.

Aside from a list of dates and estimated times, Batterman provided no factual matter to support his allegations. He sought a declaratory judgment against Judge Mallios, the expungement of his orders, compensatory damages in the amount of at least $45,000, reimbursement of attorney fees and court costs, punitive damages, and a trial by jury.

The District Court dismissed Batterman's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and did not grant leave to amend after determining that any attempt to amend would be futile. Batterman timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We begin our analysis by noting that Batterman's complaint falls short of the standard applicable for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is the same standard used when evaluating a complaint under § 1915(e)(2)(B)(ii). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Under this standard, a district court must determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is insufficient where, as here, it relies solely on conclusory statements and unsupported allegations. See id.

Moreover, Judge Mallios is protected by judicial immunity from damages liability, see Stump v. Sparkman, 435 U.S. 349, 355–56 (1978), as the actions described in the Complaint were all "function[s] normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quotation marks omitted). As this Court explained to Batterman in a similar case that he presented against a different Pennsylvania judge, see C.A. No. 23-2661, a family court judge must engage in efforts "to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself." Lewis v. Lewis, 406 A.2d 781, 784 (Pa. Super. Ct. 1979). Since Judge Mallios did not act "in the complete absence of all jurisdiction," he retains judicial immunity. Gallas, 211 F.3d at 760 (quoting Mireles v. Waco, 502 U.S. 9, 12 (1991)).

Furthermore, with respect to the claims presented against Judge Mallios in his official capacity, he shares in Pennsylvania's sovereign immunity under the Eleventh Amendment because, as a judge, he is an arm of the state. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005); see generally A.W. v. Jersey City Pub. Sch., 341 F.3d 234, 238 (3d Cir. 2003). Finally, the Rooker-Feldman doctrine prohibits Batterman, to the extent that he is attempting to do so, from "inviting district court review and rejection" of any final judgment that allegedly injured him and was rendered in state court before the district court proceedings began.[1] Exxon Mobil Corp. v. Saudi Basic

---

[1] It appears that Batterman may have requested that the District Court intervene in the state court child custody dispute. To the extent that he was attempting to do so, the

4

<u>Indus. Corp.</u>, 544 U.S. 280, 284 (2005); <u>Malhan v. Sec'y U.S. Dep't of State</u>, 938 F.3d 453, 458–61 (3d Cir. 2019).

For these reasons, we find that the District Court correctly dismissed Batterman's claims and concluded that any leave to amend would be futile. Accordingly, we will affirm the judgment of the District Court.

---

District Court correctly declined his request, citing the <u>Rooker</u>-<u>Feldman</u> doctrine and noting the lack of clarity regarding whether the rulings of which Batterman complained were "final judgments" for the purposes of <u>Rooker</u>-<u>Feldman</u>.